1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL STEVENS,

                    Plaintiff,

        v.

PIERCE COUNTY,

                    Defendant.

CASE NO. C22-5862 BHS

ORDER

THIS MATTER is before the Court on plaintiff Randall Stevens's motion for

reconsideration, Dkt. 33, of the Court's Order, Dkt. 32, granting in part defendants'

motion to dismiss, Dkt. 23; Stevens's motion to certify a question to the state supreme

court, Dkt. 35; Stevens's motion to amend his first amended complaint, Dkt. 37; and his

alternate motion for an extension of time to file an amended complaint, Dkt. 41.

Stevens's motion to certify asks the Court to ask the Washington Supreme Court

"whether a contract between a jail and a corporation, for provision of medical services to

jail detainee-patients, could confer third-party beneficiary status upon the detainee-

patients." Dkt. 35 at 3. Stevens argues that this is an important question without a clear

1    answer[1] and asserts that both sides have unsuccessfully[2] "scoured the nation" for

2    persuasive authority. *Id.*

3         The Court dismissed Stevens's breach of contract claim for two reasons. First,

4    Stevens had not plausibly pled facts supporting the conclusion that he was an intended

5    third party beneficiary of the contract between Pierce County and NaphCare, under

6    Washington's objective test. He instead simply stated that he was an intended third party

7    beneficiary. Such conclusory allegations are not sufficient. *Bell Atl. Corp. v. Twombly*,

8    550 U.S. 544, 555 (2007).

9         Second, Stevens seeks to impose on NaphCare and its employees a contractual

10   duty to provide him medical care him consistent with the standard of care, and consistent

11   with their constitutional obligations. But these duties are already imposed by Washington

12   tort law and the Constitution.

13        Stevens has already asserted medical negligence and § 1983 deliberate

14   indifference claims. He has already alleged that NaphCare is vicariously liable for its

15   employees' negligence. Stevens's breach of contract claim therefore was and is

16   redundant. There is nothing for Stevens or the Court to gain by certifying the proposed

17   question to the Washington Supreme Court. The question is not complex or unclear, and

18

19        [1] In contrast, Stevens's motion for reconsideration asserts that the Court's dismissal of his
20   contract claim was manifest error, because it is "exactly 180 degrees opposite of the law in
     Washington State." Dkt. 33 at 8.

21        [2] Defendants' motion to dismiss included a lengthy string cite to opinions from other
     jurisdictions flatly rejecting the claim that a detainee was an intended third party of a contract for
     the provision of medical care. Dkt. 23 at 6. Stevens has not acknowledged or addressed this
22   persuasive authority.

1    it is not germane to the outcome of the case. Certification to the Washington Supreme

2    Court is not necessary. Stevens's motion to certify, and the portion of his motion for

3    reconsideration aimed at his third party beneficiary contract claim, are **DENIED**.

4         Stevens's motion for reconsideration also asserts that the Court's dismissal of his

5    *Monell* claim against NaphCare was manifest error, because it "triangulated" on the

6    "supposedly implausible" "policy motive" of profit over care. Dkt. 33 at 8. Stevens

7    misapprehends the Court's Order and his pleading burden in the face of a Rule 12(b)(6)

8    motion.

9         Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will

10   ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b)

11   facts or legal authority which could not have been brought to the attention of the court

12   earlier, through reasonable diligence. Reconsideration is an "extraordinary remedy, to be

13   used sparingly in the interests of finality and conservation of judicial resources." *Kona*

14   *Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for

15   reconsideration should not be granted, absent highly unusual circumstances, unless the

16   district court is presented with newly discovered evidence, committed clear error, or if

17   there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v.*

18   *Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for

19   reconsideration is not intended to provide litigants with a second bite at the apple. A

20   motion for reconsideration should not be used to ask a court to rethink what the court had

21   already thought through—rightly or wrongly. *Defs. of Wildlife v. Browner*, 909 F. Supp.

22   1342, 1351 (D. Ariz. 1995).

1    A plaintiff's complaint must allege facts to state a claim for relief that is plausible

2  on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility"

3  when the party seeking relief "pleads factual content that allows the court to draw the

4  reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although

5  the Court must accept as true the complaint's well-pled facts, conclusory allegations of

6  law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion

7  to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell*

8  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to

9  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action will not do.

11  Factual allegations must be enough to raise a right to relief above the speculative level."

12  *Twombly*, 550 U.S. at 555. This requires a plaintiff to plead "more than an unadorned,

13  the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing

14  *Twombly*, 550 U.S. at 555).

15    The Court dismissed Stevens's *Monell* claim because he did not plausibly allege

16  facts supporting his conclusory claim that NaphCare had a "policy of seeking profits to

17  the detriment of standards of care." Dkt. 17 at 3, ¶7; *see also* Dkt. 17 at 14, ¶69; *Id*. at 15,

18  ¶73; *Id*. at 16, ¶76; *Id*. at 22. The "profit motive" referenced in the Court's Order was

19  based on the repeated allegations in Stevens's amended complaint. He has alleged no

20  other policy.

21    Stripped of its motive, Stevens's *Monell* claim—that NaphCare had a policy of

22  violating the Constitution by being deliberately indifferent to detainees' serious medical

1    needs—is *less* plausible. It is no more than a formulaic recitation of the elements of a

2    *Monell* claim. But labels and conclusions are insufficient to state a plausible claim under

3    Rule 12(b)(6).

4        Stevens's more detailed allegations about NaphCare's culpability are instead about

5    the deficiencies in the care its defendant employees provided to him. He alleges that all of

6    them violated his constitutional rights and committed medical malpractice by denying

7    him medical care and falsifying his records. The plausibility of his § 1983 claims against

8    the individual defendants is addressed below. But plausibly alleging (and ultimately

9    proving) that the individual defendants were deliberately indifferent to his serious

10   medical needs does not establish a *Monell* claim against NaphCare: there is no vicarious

11   § 1983 liability for constitutional violations. Stevens cannot prevail on a *Monell* claim

12   against NaphCare simply because he prevailed on a § 1983 claim against its employees.

13       A plaintiff alleging municipal[3] liability for civil rights violations must prove three

14   elements: (1) a violation of his constitutional rights, (2) the existence of a municipal

15   policy or custom, and (3) a causal nexus between the policy or custom and the

16   constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658,

17   691 (1978). A plaintiff must show that the municipality acted with the requisite degree of

18   culpability, and he must demonstrate a direct causal link between the municipal action

19   and the deprivation of federal rights. *Bd. of County Comm'rs of Bryan County v. Brown*,

20   520 U.S. 397, 404 (1997). In other words, the municipality's actions must be the "moving

21   _____

22   [3] The Court assumes without deciding that NaphCare is effectively a municipality for purposes of this claim.

1  force" behind the rights deprivation. *Id*. On the other hand, § 1983 liability cannot be

2  vicarious or premised on respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325

3  (1981); *Monell*, 436 U.S. at 690-94.

4       Stevens has not plausibly alleged facts supporting the conclusion that a NaphCare

5  policy was a moving force behind his constitutional injury, and the Court will not

6  reconsider its dismissal of that claim. Stevens's motion for reconsideration on this point

7  is **DENIED**.

8       The remainder of Stevens's motion for reconsideration asserts that the Court

9  arbitrarily "set a medical cutoff date," before his experts have weighed in. Dkt. 33 at 4.

10  This is inaccurate. The Court logically concluded that defendant medical care providers

11  who first saw Stevens *after* his broken leg had healed improperly could not plausibly

12  have *caused* that injury to heal improperly.

13       The timeline in Stevens's complaint is not clear about who saw him, when, nor

14  about who he alleges[4] caused his injury, or how. He has yet to articulate how falsifying

15  his records, for example, caused his injury. Nor does Stevens's amended complaint or

16  motion account for the 94 days between the date he initially "bailed out" and the date he

17  returned to the jail. Stevens does not articulate who should have done what, when, or

18  allege what would have been different if each individual defendant had done what he

19  claims they should have done. The Court will not reconsider its determination that

20

21      [4] A Rule 12(b)(6) motion tests the plaintiff's allegations, not his evidence. The plaintiff is obligated to plausibly plead facts supporting a claim, but he does not have to prove his claim to survive a motion to dismiss. Stevens's anticipated expert testimony has no impact on the motion

22  to dismiss.

1  Stevens has failed to state a plausible claim against some of the individual defendants,

2  but it will consider whether he could amend his complaint to do so.

3        Under Local Civil Rule 7(h), the Court cannot grant a motion for reconsideration

4  unless the opposing party has an opportunity to respond.

5        The Court **REQUESTS** Defendants to file a Response to this portion of Stevens's

6  motion for reconsideration. The Response need not address Stevens's third party

7  beneficiary claim, nor his *Monell* claim, but it should address the timeline and whether

8  Stevens could amend his complaint to state a plausible claim against any medical

9  provider defendant.

10        It should not exceed 12 pages and it should be filed by October 31, 2023. Stevens

11  may file a Reply not exceeding 8 pages by November 3, 2023. It too should address

12  whether Stevens could amend his complaint to state a plausible claim. Stevens's motion

13  for reconsideration of the Order dismissing his § 1983 claims against individual

14  defendants, Dkt. 33, is **RE-NOTED** for November 3, 2023.

15        Stevens's related motion for leave to file an amended complaint, Dkt. 37, is

16  **DENIED** without prejudice. His alternative motion for an extension of time to file an

17  amended complaint, Dkt. 41, is **DENIED** as moot. The Court will resolve the motion for

18  reconsideration after the briefing is complete. The Court will address in that Order

19  whether and how Stevens should be permitted to amend his complaint.

20        **IT IS SO ORDERED**.

21        \\

22

Dated this 16th day of October, 2023.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8