Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RANDALL STEVENS, | No. 3:22-cv-05862-BHS |
| Plaintiff, | DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION |
| vs. | |
| PIERCE COUNTY, NAPHCARE INC. and, individually, Deputies COLBY EDWARDS, GREGGORY MARTY, and BRENT TULLOCH, and JAIL DEFENDANTS WENDY BATCHELOR, MIGUEL BALDERRAMA, ASHLEY CHALK, JAMES GITHUI, DANIELLE SEYMOUR, ROBERT WARGACKI, Medical Nurse DOE 1, and Defendants DOE 2-8, | Noted on Motion Docket: November 22, 2023 |
| Defendant. | |

**I.     INTRODUCTION AND RELIEF REQUESTED**

Defendants Wendy Batchelor, Ashley Chalk, Danielle Seymour, James Githui, Robert Wargacki, Medical Nurse Doe 1, and NaphCare, Inc. (hereinafter "NaphCare Defendants"), by and through their attorneys of record, Jonathan D. Ballard and Ross C. Taylor of Fox Ballard PLLC, request reconsideration of the Court's denial of the stipulated motion to dismiss the above-named Defendants.

DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION - 1



1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
T: (206) 800-2727

## II.   STATEMENT OF FACTS

On August 11, 2023, this Court dismissed defendants NaphCare, Inc., Ashley Chalk, Danielle Seymour, and Robert Wargacki. Dkt. 32. Contemplating that Plaintiff may be able to state a claim against defendants Wendy Batchelor and James Githui, the Court offered Plaintiff an opportunity to amend his complaint. *Id.* Plaintiff moved to reconsider the dismissal, which was denied in part, but with the Court inviting opposition briefing from terminated Defendants Ashley Chalk, Danielle Seymour, and Robert Wargacki. Dkt. 33; Dkt. 44.

On October 27, 2023, before the Court ruled on Plaintiff's request for reconsideration, Plaintiff's counsel, Jackson Millikan, wrote to counsel for the NaphCare Defendants and stated that they were not needed in the case anymore, and that he requested his client's permission to dismiss them. Dkt. 46-1. Shortly after, Plaintiff's counsel wrote again reporting that he had conferred with his client and received authority to sign a stipulated order of dismissal against all claims and defendants that "accrued in the second jail stint." Dkt. 50. The NaphCare Defendants set about preparing a proposed stipulation and order of dismissal to conform with Plaintiff's request.

On November 2, 2023, Plaintiff's counsel filed a motion for leave to withdraw. Dkt. 48. Although noting that he did not desire to withdraw, he indicated that his client's participation was "not sufficient for the upcoming depositions, medical examinations, and motions practice" and he would proceed with seeking his removal as counsel if his client did not "demonstrate cooperation in the prosecution of his claims." Dkt. 48.

On November 6, 2023, the NaphCare Defendants filed the stipulated motion to dismiss after it had been signed by all parties. Dkt. 51. This reflected Plaintiff's agreement and the agreement of all parties that the NaphCare Defendants should be dismissed, with them bearing their own costs and not asking for any fees. *Id.* On November 14, 2023, however, this Court denied that stipulated dismissal on the basis that "it is not at all clear to the Court that Stevens has agreed to the dismissal of a subset of his claims…" Dkt. 52. In that same order, the Court granted withdrawal of counselor Millikan. *Id.*

The day following the Court's denial of the stipulated dismissal, counselor Millikan filed a Declaration confirming that Plaintiff himself consented "to dismiss the now superfluous 'second jail stint' claims/defenses" and that it simply had not been possible to reduce that agreement to a declaration prior to the approaching deadlines on the motion for reconsideration reply. Dkt. 53.

### III.   AUTHORITY AND ARGUMENT

Although expressly disfavored, this Court's rules expressly permit reconsideration when there are "new facts…. which could not have been brought to its attention earlier" or "manifest error." LR 7(h)(1). Such Motions should be filed within fourteen days after the order to which it relates and "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court… and the particular modifications being sought in the court's prior ruling." LR 7(h)(2).

In this matter, the Court denied dismissal out of concern that Plaintiff himself had not consented, based on the contemporaneously filed Motion to Withdraw. Dkt. 52. There has since been new information, which unequivocally confirms that Plaintiff consented to the withdrawal of the NaphCare Defendants and the claims asserted against them from this litigation, without any request for fees or costs. Dkt. 53.

Further, at the time the stipulated request for dismissal was executed, Plaintiff remained represented by counsel. The motion for leave to withdraw was filed November 2, 2023, indicating it would not become effective until November 24, 2023, the noting date cutoff. Dkt. 48. Accordingly, when the stipulation was executed, counselor Millikan remained Plaintiff's attorney of record. There is no evidence that Mr. Millikan was acting outside of his ethical duties of advocating on behalf of his client, or his duties of candor to the Court. RPC 1.2; 1.4; 1.16; 3.3. Taking counselor Millikan at his word as an ethical and compliant member of the bar, it would be unjust and a waste of the Court's time and resources to require all parties to wait months for confirmation of what Plaintiff has already agreed to: a dismissal of the NaphCare Defendants from this litigation.

DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION - 3



1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
T: (206) 800-2727

## IV. CONCLUSION

The NaphCare Defendants humbly and respectfully request this Court's reconsideration of the denial of the stipulated motion agreed to and filed on November 6, 2023, prior to the date of Plaintiff counsel's withdrawal. Per the argument and authority above, reconsideration and a corrected ruling on this dismissal is both warranted and appropriate per the Local Rules and the Rules of Professional Conduct.

I certify that this memorandum contains 823 words, in compliance with Local Civil Rules.

DATED this Wednesday, November 22, 2023.

> FOX BALLARD PLLC
>
> By: _____
> Jonathan D. Ballard, WSBA # 48870
> Ross C. Taylor, WSBA # 48111
> Attorneys for Defendants Wendy Batchelor, Ashley Chalk, Danielle Seymour, James Githui, Robert Wargacki, Medical Nurse Doe 1, and NaphCare, Inc.

DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION - 4



1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
T: (206) 800-2727

**DECLARATION OF SERVICE**

I hereby declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of the foregoing **DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION** to be served via the methods below on this Wednesday, November 22, 2023, on the following counsel/party of record:

| | |
|---|---|
| Randy Stevens<br>3658 Bridgeport Way West # B202<br>University Place, WA 98466<br><br>Randy Stevens<br>2021 NW Oceanview Dr.<br>Waldport, OR 97394<br><br>***Pro Se*** | ☒ via U.S. Mail, first class, postage<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☐ via E-Service<br>☐ via E-mail: |
| Jennifer D Loynd, WSBA 33129<br>Kristal M Cowger, WSBA 43079<br>PIERCE COUNTY PROSECUTING ATTORNEY'S OFFICE<br>930 Tacoma Ave S, Ste 946<br>Tacoma, WA 98402-2171<br>253-798-6012<br><br>***Attorneys for Defendants Pierce County, Colby Edwards, Greggory Marty, Brent Tulloch*** | ☐ via U.S. Mail, first class, postage<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>jennifer.loynd@piercecountywa.gov<br>kristal.cowger@piercecountywa.gov |

Signed at Seattle, WA on this Wednesday, November 22, 2023.

_____
Jazzlynn Woods, Legal Secretary
FOX BALLARD PLLC
jazzlynn@foxballard.com

DEFENDANT NAPHCARE'S MOTION FOR RECONSIDERATION - 5



1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
T: (206) 800-2727